ALICE KEATING *v.* JAMES SHERLOCK, Surviving Partner, and H. S. BREWSTER, Administrator of Edward Sherlock, deceased.

The holder of a firm note, after dissolution of the firm, received the individual note of one partner for the amount without new consideration. Payments on account were made on the second note.

*Held*, that the second note was not a payment of the first nor an extinguishment of the firm liability.

RESERVED FROM SPECIAL TERM on demurrer to answer.

*Challen & Mitchell*, for plaintiff.

*H. S. Brewster*, contra.

STORER, J. The plaintiff in her petition states that in October, 1866, she loaned to James Sherlock and Edward Sherlock, then partners in business, $400, for which she received their joint note. Afterward, Edward Sherlock gave her his individual note for the amount, payable in one year with interest. This was received by her not as additional security, and no new consideration moved from the defendants, or either of them, for the further extension of time. On January 12, 1871, Brewster, as the administrator of Edward Sherlock, paid to the plaintiff $216.24 on account, and she now brings her action to recover the balance upon her loan to the partnership.

The answer of James Sherlock admits the debt of the copartnership, the existence of the joint note of the partners, but claims the firm was dissolved in the lifetime of Edward Sherlock, who gave the second note described in the petition, because he was bound by the terms of the dissolution to pay the debts of the partnership. He admits the payment, by the administrator, of the sum credited in the petition on the note of Edward Sherlock, whose estate had been declared insolvent. On these facts he relies as a defense to the plaintiff's action.

We find the same facts alleged in the answer of the administrator of Edward Sherlock.

To both answers the plaintiff has demurred.

The only question on the pleadings for us to decide is, what was the effect of the receipt by the plaintiff of the note of one partner for a debt due from both.

Whenever the note of a party to the original contract is given to and received by a creditor, the transaction can not be regarded as payment of a debt due, unless a new consideration is proved for any extension of the original contract, or the condition of the parties has thereby been changed, or unless it would be inequitable to permit a recovery upon the former claim. And the burden of proof devolves upon the defendant to establish all the facts from which the intention of the parties can be inferred. This is the rule in ordinary cases, and it especially should be applied in a case like the present, where the plaintiff received no additional security for her debt or any new consideration for extending the credit—where the surviving partner has lost nothing by the substitution of his brother's note for the partnership liability—more especially as the person with whom Edward Sherlock dealt was a female, who can not be supposed to have known the legal consequences it is now claimed necessarily follow the execution of the note.

Without referring to the cases, we need only quote the opinion of the Supreme Court in *Leach* v. *Kagy's Adm'r*, 15 Ohio St. 169, where it was held, " That a note of a surviving partner, given to the creditor of the firm on an adjustment of such creditor's claim against the firm, will not be regarded as given and received in satisfaction of the firm debt, unless the testimony affirmatively and clearly shows such to have been the agreement of the parties."

This adjudication covers the whole case, and the demurrer to the answers will be sustained and judgment entered for the plaintiff.